**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THE JEWISH FEDERATION OF GREATER WASHINGTON, INC., | |
| Plaintiff, | Civil Action No.: |
| -vs- | 1:22-cv-03832-RBW |
| THE CINCINNATI INSURANCE COMPANY, | |
| Defendant. | |

**The Cincinnati Insurance Company's Memorandum of Law**
**In Support of its Motion to Dismiss**

## Table of Contents

Table of Authorities ......................................................................................................... iii

Introduction ....................................................................................................................... 1

Statement of Relevant Facts ............................................................................................. 2

    A.    Facts pertinent to venue ........................................................................... 3

    B.    Count III of the Complaint ........................................................................ 5

Argument ........................................................................................................................... 5

    I.    This lawsuit should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3) ............................. 5

    II.    Alternatively, this lawsuit should be transferred to the District of Maryland ................... 9

    A.    The public interest considerations favor transfer to Maryland ................................ 10

    B.    The private interest considerations favor transfer to Maryland ................................ 11

        1.    No deference is afforded to the Plaintiff's choice of forum .................................. 11

        2.    The defendant's choice of forum favors Maryland .................................................. 12

        3.    Whether the claim arose elsewhere ........................................................................ 12

        4.    The convenience of the parties, the convenience of the witnesses, and    ease of access to sources of proof ................................................................................ 12

    C.    This lawsuit should be transferred to the District of Maryland ................................ 13

    III.    The Court should dismiss Count III because (1) the claim is not ripe; and (2) it fails to state a claim ................................................................................................................ 13

    A.    Count III should be dismissed pursuant Rule 12(b)(1) ............................................. 13

    B.    Count III should be also dismissed pursuant to Rule 12(b)(6) ................................. 14

Conclusion ......................................................................................................................... 15

# Table of Authorities

## Cases

*Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1132 (11th Cir. 2005)......................... 14

*AMTRAK v. R&R Visual, Inc.*, No. 05-cv-822, 2007 U.S. Dist. LEXIS 51982, *12 (D.D.C. 2007) ............................................................................................................................... 7, 11, 12

*Armco Steel Co. v. CSX Corp.,* 790 F. Supp. 311, 324 (D.D.C. 1991)........................................ 13

*Artis v. Greenspan*, 223 F. Supp. 2d 149, 152 .......................................................................... 5

*Carlisle* v. *United States,* 517 U.S. 416, 429 (1996) ................................................................ 14

*Gulf Coast Mar. Supply, Inc. v. United States*, 867 F.3d 123, 128 (D.C. Cir. 2017) ................... 2

*Henley v. Jordan*, No. 5:20-cv-P209-BJB, 2021 U.S. Dist. LEXIS 105326 (W.D. Ky. June 4, 2021) ........................................................................................................................... 15

*Kafack v. Primerica Life Ins. Co.*, 934 F. Supp. 3, 6-7 (D.D.C. 1996)............................... 9, 10, 11

*Liberty Mut. Ins. Co. v. Travelers Indem. Co.*, 78 F.3d 639, 642 (D.C. Cir 1996)....................... 7

*Nationwide Mut. Ins. Co. v. Nat'l REO Mgmt.*, 205 F.R.D. 1, 9 (D.D.C. 2000) ..................... 7, 10

*Potomac Elec. Power Co. v. California Union Ins. Co.*, 777 F. Supp. 968, 972-73 (D.D.C. 1991) ...................................................................................................................... 7, 10

*Pub. Citizen v. Dep't of State*, 276 F.3d 634, 641 (D.C. Cir. 2002)............................................. 14

*Renne v. Geary*, 501 U.S. 312, 316 (1991) ............................................................................... 13

*Roland v Branch Banking & Tr. Corp.*, 149 F. Supp. 3d 61, 67 (D.D.C. 2015) ....................... 5, 6

*Texas v. United States*, 523 U.S. 296, 300 (1998) ...................................................................... 14

*U.S. Life Ins. Co. v. Wilson*, 198 Md. App. 452, 462-63, 18 A.3d 110 (2011)............................. 7

*United States v. Quicken Loans, Inc.*, 217 F. Supp. 3d 272 (D.D.C. 2016) (Walton, J.) .............. 9

## Statutes

28 U.S.C. §1391(b) ............................................................................................................. 5, 8, 9

28 U.S.C. §1404(a) ...................................................................................................... 1, 9, 13, 15

28 U.S.C. §1651 ................................................................................................................... 14, 15

Fed. R. Civ. P. 12(b)(1)..................................................................................................... 1, 2, 13, 15

Fed. R. Civ. P. 12(b)(3)………………………………………………………………1, 2, 5, 9, 13, 15

Fed. R. Civ. P. 12(b)(6)...................................................................................................... 1, 2, 14, 15

## Treatises

19 *Moore's Federal Practice* § 201.40.......................................................................................... 15

Defendant, The Cincinnati Insurance Company, submits the following memorandum of law in support of its: (1) motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(3); (2) in the alternative, to transfer venue pursuant to 28 U.S.C. §1404(a); and (3) motion to dismiss Count III pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6).

## Introduction

This lawsuit involves an insurance coverage dispute between Plaintiff, the Jewish Federation of Greater Washington, a foreign not-for-profit corporation incorporated in Maryland with its principal place of business in North Bethesda, Maryland, and the Defendant, Cincinnati Insurance Company, an Ohio corporation with its principal place of business in Fairfield, Ohio.

This insurance coverage dispute has nothing to do with the District of Columbia. Plaintiff and Defendant do not reside in the District of Columbia. The insurance claim did not arise in the District of Columbia. Plaintiff sued Defendant based on an insurance policy issued by Defendant to Plaintiff that was negotiated and delivered to the Plaintiff in Maryland. Communications between Plaintiff and Defendant regarding the policy and the Plaintiff's claim for coverage were made to and from Maryland. The underlying claim that is the subject of this insurance coverage lawsuit was made against Plaintiff in Maryland under Maryland law. Maryland law applies to the resolution of this insurance coverage dispute. For all these reasons, venue in the District of Columbia is improper and the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3). Alternatively, the lawsuit should be transferred to the District of Maryland pursuant to 28 U.S.C. §1404(a)

Defendant also moves to dismiss Count III, captioned "All Writs," pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Because Count III acknowledges that a claim under the All Writs Act is

not ripe, this court does not have jurisdiction to adjudicate the claim. In addition, no claim for which relief can be granted under the All Writs Act is alleged.[1]

## **Statement of Relevant Facts**

Plaintiff filed a Complaint against Defendant seeking coverage for a claim made against Plaintiff by ORT America Inc. and the Women's American ORT Foundation Inc. (collectively, "ORT") (*See,* Cmplt., Doc. 1). Plaintiff's Complaint in this suit alleges that Defendant issued to the Plaintiff a "Pillar Directors and Officers Liability Policy" No. EMN 044 97 53 for the August 15, 2017 to August 15, 2020 policy period for which Plaintiff alleges it purchased an optional extended reporting period. (Cmplt. ¶¶1, 3, 6, 22, 25) (the "Policy"). The Complaint alleges that Plaintiff received a September 29, 2020 written demand from ORT for payment of the losses that ORT allegedly sustained due to Plaintiff's wire transfer of ORT funds (the "ORT Claim"). (Cmplt. ¶36). Under the Policy, "claim" means in part, a written demand for monetary damages or non-monetary relief against an "insured." (Cmplt. ¶28; Dietz Decl., Ex. A, Policy, bates p. 30-31). Plaintiff alleges it conveyed the ORT Claim to Defendant on September 30, 2020. (Cmplt. ¶36).

The Complaint alleges that before receiving the September 29, 2020 ORT Claim, the Plaintiff sent an August 12, 2020 letter to Defendant regarding fraudulent wire transfers.[2] (Cmplt. ¶31). The Complaint identifies several communications between Plaintiff and Defendant regarding the Plaintiff's August 12, 2020 letter and the September 29, 2020 ORT Claim, including Defendant's communications regarding the denial of coverage for the September 29, 2020 ORT

---

[1] Defendant brings this pre-answer motion to dismiss pursuant to Rule 12(b)(3) and, as to Count III, pursuant to Rule 12(b)(1) and Rule 12(b)(6). Defendant does not acknowledge and denies the allegations made against Defendant and denies any liability to the Plaintiff.

[2] The Complaint is replete with legal conclusions, such as the effect under the Policy of the Plaintiff's communications and the allegations regarding coverage, and unsupported factual allegations such as those made in paragraph 31, all of which must be disregarded when considering a motion to dismiss. *Gulf Coast Mar. Supply, Inc. v. United States*, 867 F.3d 123, 128 (D.C. Cir. 2017).

Claim. (*See*, Cmplt., ¶¶ 31-32, 34, 36, 37-40). Plaintiff disputes Defendant's denial of coverage for the ORT Claim.

### A.   Facts pertinent to venue

Plaintiff is a foreign not-for-profit corporation. (Cmplt. ¶8). Plaintiff is incorporated in Maryland and has its principal place of business at 6101 Executive Boulevard, North Bethesda, Maryland (Cmplt., Caption showing address; Tordai Decl. ¶3, Ex. A, Civil Cover Sheet showing address and identifying Montgomery County, Maryland as Plaintiff's county of residence; Tordai Decl., ¶4, Ex. B, Maryland Certificate of Status for the Plaintiff; Tordai Decl. ¶5, Ex. C, Resolution re Principal Office). The United Jewish Endowment Fund, renamed the Jewish Community Foundation, is a division of the Plaintiff. (Cmplt., ¶8). The Jewish Community Foundation and the Plaintiff have their principal place of business in North Bethesda, Maryland (Tordai Decl., Ex. D, web site page, p. 4; Tordai Decl., Ex. C, principal office). Defendant is an Ohio corporation with its principal place of business in Fairfield, Ohio. (Cmplt. ¶9).

In the application for the Policy, Plaintiff stated that it is located in North Bethesda, Maryland. (Dietz Decl., Ex. A, Policy, bates pg. 48, identifying address as 6101 Executive Blvd., Ste. 100, North Bethesda, Maryland, 20852). Plaintiff is identified in the Policy as a Maryland insured. (Dietz Decl., Ex. A, Policy, bates pg. 04). Accordingly, payments made to the insured would be made to Maryland. The Policy contains Maryland endorsements, labelled "Maryland Changes". (Dietz Decl., Ex. A, Policy, bates pg. 17-19). The Policy was delivered to the Plaintiff in Maryland through its insurance agent, Associated Insurance Management, Inc. which is located in Silver Spring, Maryland. (Dietz Decl., ¶5, Ex. A, Policy, bates p. 04).

The communications between Plaintiff and Defendant regarding the Plaintiff's request for coverage and Defendant's response to that request, including the communications referenced in

the Complaint, were exchanged between Defendant (in Ohio) and the Plaintiff or its insurance agent (in Maryland). (Dietz Decl., ¶¶6-10). Plaintiff's insurance agent, Marybelle Damas of Associated Insurance Management, LLC, located in Maryland , specifically advised Defendant to communicate with Eileen Frazier, Chief Operating Officer of The Jewish Federation of Washington, 6101 Executive Boulevard, Suite #100, North Bethesda, Maryland 20852. (Dietz Decl., ¶7).

Commencing in November 2020, communications regarding the Plaintiff's  request for coverage were exchanged between Victor C. Peters, who was retained to assist Defendant with the adjustment of the claim, and Eileen Frazier or Naomi Fein, the business and communications manager of the Plaintiff in North Bethesda, Maryland. (Peters Decl., ¶¶4, 6, 7 and Exs. A, B, C). Commencing in November 2020, communications regarding Plaintiff's request for coverage were also exchanged between Defendant's counsel, Victor Peters, and coverage counsel retained by Plaintiff, Morgan Lewis at its Boston office. (Peters Decl. ¶¶4, 5, 6, 8, 9 and Exs. A, B, D, E).

The ORT Claim underlying this insurance coverage dispute was made against the Plaintiff in Maryland and sought to impose liability on the Plaintiff under Maryland statutes and law. *See*, Dietz Decl., Ex. B, September 29, 2020 demand by ORT America Inc. and the Women's American ORT Foundation directed to Gil Preuss, CEO of the Federation in Maryland (*see*, Tordai Decl. ¶7, Ex. E). *See also*, Peters Decl., ¶7 and Ex. C, draft complaint against the Jewish Federation, the Plaintiff in this litigation, received by Mr. Peters on March 9, 2021 via email from Naomi Fein the Plaintiff's business and operations manager, North Bethesda, Maryland.) The draft complaint alleged that the ORT plaintiffs are organized under New York law where they have their principal place of business, alleged that venue is proper in the U.S. District Court for the District of Maryland because the principal place of business of the Jewish Federation (the Plaintiff in this action) is in

that district, and because the events giving rise to the ORT plaintiffs' claims occurred in the District of Maryland. The draft complaint against Plaintiff alleged that it violated the Maryland Uniform Prudent Management of Institutional Funds Act and Maryland law. (*Id.*)

### B.   Count III of the Complaint

Count III is labelled "All Writs Acts." It alleges that the Plaintiff may "from time to time seek" "all orders, whether permanent, temporary or injunctive, necessary or appropriate in aid of this Court's jurisdiction" under the All Writs Act. (Cmplt. ¶71). It does not allege the specific remedy sought under the All Writs Act, the basis for judicial action, and the grounds for relief under the All Writs Act.

### Argument

### I.   This lawsuit should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3)

Venue is proper in a district where (1) a defendant resides, if all defendants are residents of the State in which the district is located; (2) a substantial part of the events or omissions giving rise to the claims occurred; or (3) if there is no district in which the action may otherwise be brought, wherever the defendants are subject to personal jurisdiction. 28 U.S.C. §1391(b).

Pursuant to Fed. R. Civ. P. 12(b)(3), the defense of improper venue may be raised in a Rule 12 pre-answer motion. When a challenge to venue is raised, it is the plaintiff's burden "to prove that venue is proper" "since it is the plaintiff's obligation to institute the action in a permissible forum." *Roland v Branch Banking & Tr. Corp.*, 149 F. Supp. 3d 61, 67 (D.D.C. 2015) (citations omitted).  (D.D.C. 2015) (citations omitted). When deciding a motion to dismiss for lack of venue, the court may consider extrinsic evidence. *Artis v. Greenspan*, 223 F. Supp. 2d 149, 152 (D.D.C. 2002).

The first basis for venue is inapplicable because Defendant does not reside in the District of Columbia. The Complaint lists the address for Defendant in Fairfield, Ohio and further states that Defendant is incorporated in Ohio. (Cmplt., Caption, ¶9). *See Roland*, 149 F. Supp. 3d at 67 (holding that the first basis for venue was inapplicable where the defendants did not reside in the District of Columbia).

Turning to the second basis for venue, Plaintiff cannot credibly claim that venue is proper in the District of Columbia. A substantial part of the events giving rise to the claims against Defendant did not occur in the District of Columbia. In fact, all of the material events that constitute the factual predicate for the Plaintiff's claims against Defendant occurred in Maryland.

First, the Plaintiff is incorporated and has its principal place of business in Maryland. (Cmplt., Caption showing address; Tordai Decl. ¶3, Ex. A, Civil Cover Sheet showing address and identifying Montgomery County, Maryland as Plaintiff's county of residence;  Tordai Decl., ¶4, Ex. B, Maryland Certificate of Status for the Plaintiff; Tordai Decl. ¶5, Ex. C, Resolution re Principal Office).

Second, the Complaint seeks coverage under a Policy issued by Defendant and delivered to Plaintiff in Maryland, for a claim made against Plaintiff in Maryland arising out of conduct that occurred in Maryland. (Dietz Decl., ¶5, ¶3, Ex. A, Policy; Dietz Decl., ¶10, Ex. B; Peters Decl. ¶7, Ex. C).

Third, Plaintiff identified the location of the insured in its application for the Policy as North Bethesda, Maryland. (Dietz Decl., Ex. A, Policy, bates pg. 48, identifying address as 6101 Executive Blvd., Ste. 100, North Bethesda, Maryland, 20852). The Plaintiff is identified in the Policy as a Maryland insured. (Dietz Decl., Ex. A, Policy, bates pg. 04). Accordingly, payments made to the insured would be made to Maryland.

Fourth, the Policy contains Maryland endorsements, labelled "Maryland Changes". (Dietz Decl., Ex. A, Policy, bates pg. 17-19). The Policy was entered into in Maryland and delivered to Plaintiff in Maryland via its Maryland insurance agent.  (Dietz Decl., ¶5, Ex. A, Policy, bates p. 04).

Fifth, Maryland law applies to the resolution of the insurance coverage dispute. "A federal court sitting in diversity jurisdiction applies the choice of law rules of the forum state (or district or territory)." *Liberty Mut. Ins. Co. v. Travelers Indem. Co.*, 78 F.3d 639, 642 (D.C. Cir 1996) (citations omitted). In the insurance context, either the "more substantial interest" test or "place of delivery" rule would determine which law to apply to insurance policy disputes. *AMTRAK v. R&R Visual, Inc.*, No. 05-cv-822, 2007 U.S. Dist. LEXIS 51982, *12 (D.D.C. 2007). Since the Policy was delivered to the Plaintiff in Maryland, Maryland law applies under the place of delivery rule. The jurisdiction with the most significant interest has been interpreted to be either the place of the occurrence that requires coverage or the insured's headquarters. *See, e.g., Nationwide Mut. Ins. Co. v. Nat'l REO Mgmt.*, 205 F.R.D. 1, 9 (D.D.C. 2000); *Potomac Elec. Power Co. v. California Union Ins. Co.*, 777 F. Supp. 968, 972-73 (D.D.C. 1991). Maryland law also applies under the more substantial interest test. As alleged in the ORT draft complaint intended to be filed in the District of Maryland, both the place of the underlying occurrence *and* the Plaintiff's headquarters are in Maryland.[3]

Sixth,  coverage was requested and notices were sent to Defendant from Maryland by the Plaintiff's insurance agent and by the Plaintiff. The communications between Defendant and Plaintiff , regarding the Plaintiff's request for coverage and Defendant's response to that coverage

---

[3] Under Maryland choice of law rules, Maryland law applies to the resolution of this insurance coverage dispute, since the policy was delivered to a Maryland insured which paid the premium. *See*, *U.S. Life Ins. Co. v. Wilson*, 198 Md. App. 452, 462-63, 18 A.3d 110 (2011) ("Maryland applies the rule of lex loci contractus, i.e., the law where the contract was made" to insurance coverage disputes).

request, were exchanged between Defendant (in Ohio) and Plaintiff or its agent in Maryland). (Dietz Decl., ¶¶6-10). In fact, Defendant was specifically advised by the Plaintiff's Maryland-based insurance agent that Eileen Frazier, the Plaintiff's Chief Operating Officer, located in Bethesda, Maryland was the contact for the Plaintiff. (Dietz Decl., ¶7). Coverage communications were also exchanged between Victor C. Peters, who was retained to assist Defendant with the adjustment of the claim, and Eileen Frazier and/or Naomi Fein, the Plaintiff's business and operations manager, both in North Bethesda, Maryland. (Peters Decl., ¶¶4, 6, 7 and Exs. A, B, C).[4]

Seventh, the claim underlying this insurance coverage dispute was made against the Plaintiff in Maryland and sought to impose liability on the Plaintiff under Maryland law. *See*, Dietz Decl., Ex. B (demand email against Plaintiff); Peters Decl., Ex. C, draft complaint). The draft complaint forwarded by the ORT claimants' counsel to the Plaintiff alleged that venue was proper in Maryland because the Plaintiff's principal place of business was in that district *and* because the events giving rise to the ORT's claims occurred in Maryland, and further alleged that Plaintiff violated the Maryland Uniform Prudent Management of Institutional Funds Act and Maryland law.

These facts show that there is no connection between this suit and the District of Columbia, let alone the substantial connection required under §1391(b).

The only relationship with the District of Columbia alleged by the Plaintiff is the allegation that the denial of coverage harms the Plaintiff's charitable operations in the District of Columbia. (Cmplt. ¶12). This allegation is not relevant to whether "a substantial part of the events or omissions giving rise to the claims occurred" in the District of Columbia as required under 28

---

[4] While communications regarding the Plaintiff's request for coverage were also exchanged between Defendant's counsel, Victor Peters, and Morgan Lewis, Boston insurance coverage counsel retained by the Plaintiff (Peters Decl. ¶5, that fact is not pertinent to the determination of venue since the events giving rise to this lawsuit occurred in Maryland and relate to the provision of insurance coverage to a Maryland insured.

U.S.C. §1391(b)(2). The Complaint alleges that the following events gave rise to the Plaintiff's lawsuit against the Defendant: the Plaintiff is insured under a Policy issued by Defendant; the Plaintiff requested coverage under that Policy for the ORT Claim; and Defendant denied coverage for the ORT Claim. The Policy was delivered in Maryland to a Maryland insured, communications regarding the underlying claim occurred in Maryland, the underlying claim was made against Plaintiff in Maryland, and Maryland law applies to this insurance coverage dispute.

Finally, the third basis for venue is inapplicable because there is at least one other district in which venue would otherwise be proper: the District Court of Maryland.

For all of these reasons, venue is improper in this Court. Cincinnati respectfully requests that this Court dismiss the Complaint pursuant to Rule 12(b)(3).

## II.    Alternatively, this lawsuit should be transferred to the District of Maryland

Defendant moves in the alternative to transfer this case to the District Court of Maryland pursuant to 28 U.S.C. §1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

"The decision to transfer a case is discretionary, and a district court must conduct an 'individualized, factually analytical, case-by-case determination of convenience and fairness.'" *United States v. Quicken Loans, Inc.*, 217 F. Supp. 3d 272, 275 (D.D.C. 2016) (Walton, J.) (citations omitted). The moving party bears the burden of establishing that the transfer of this action is proper. *See also Kafack v. Primerica Life Ins. Co.*, 934 F. Supp. 3, 5 (D.D.C. 1996). (citations omitted). Defendant has easily satisfied that burden.

The threshold question under Section 1404(a) is whether the action might have been brought in Maryland. In a suit based on diversity like this one, venue is proper is Maryland because,

as established in Section I. of this Memorandum at pp. 6 – 9, the events that form the factual predicate of the Plaintiff's lawsuit against Defendant occurred in Maryland.

The Court's inquiry thus proceeds to the issue of whether the case should be transferred based on the convenience of the parties, the convenience of the witnesses, and the interests of justice. The Court considers both the private interests of the parties and the public interests of the courts. The private interest considerations include: (1) the plaintiffs' choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendants' choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof. The public interest considerations include: (1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home. *Kafack*, 934 F. Supp. at 6.

A.      **The public interest considerations favor transfer to Maryland**

The interests of justice are best served by having a case decided by the federal court in the state whose laws govern the interests at stake. As discussed at page 7 of this Memorandum, Maryland law applies to the resolution of this insurance coverage dispute.

In the insurance context, the jurisdiction with the most significant interest has been interpreted to be either the place of the occurrence that requires coverage or the insured's headquarters. *See e.g., Nationwide Mut. Ins. Co. v. Nat'l REO Mgmt.*, 205 F.R.D. 1, 9 (D.D.C. 2000); *Potomac Elec. Power Co. v. California Union Ins. Co.*, 777 F. Supp. 968, 972-73 (D.D.C. 1991). As alleged in the draft complaint provided by the ORT claimants to the Plaintiff, the place of the occurrence *and* the Plaintiff's  headquarters are in Maryland. Because Maryland law rather

than District of Columbia law will apply, the interests of justice are best served by transfer to the Maryland district court.

The local interest in deciding local controversies at home also weighs in favor of transfer to Maryland. *See*, *AMTRAK.*, 2007 U.S. Dist. LEXIS 51982, at *12 (holding public interest is best served by transfer of insurance coverage dispute to California district court  because California law will apply and due to the local interest in deciding local controversies). Plaintiff, a Maryland insured, and Defendant dispute coverage under an insurance policy issued and delivered to Plaintiff in Maryland, for a claim that was made against Plaintiff in Maryland regarding acts that occurred in Maryland, and Maryland law applies to the resolution of the insurance coverage dispute. The  District of Columbia, which is a stranger to this insurance coverage dispute, has no public interest in resolving it.

Next, because this case is in its infancy, no discovery has occurred, and no scheduling order has been entered, there would be no delay associated with a Maryland district court familiarizing itself with the facts. *See Kafack*, 934 F. Supp. at  9 (promptly filed motion to transfer at early stage of litigation favors transfer). The time from filing to trial in the District of Columbia is slightly greater than in the District of Maryland. *See*, United States District Courts – National Judicial Caseload Profile, 12-month period ending June 30, 2022 (Tordai Decl. ¶8, Ex. F). The Court, accordingly, should defer to the more compelling interest of a Maryland district court in having this controversy regarding coverage under an insurance policy issued to a Maryland insured decided in Maryland.

**B.     The private interest considerations favor transfer to Maryland**

Each of the private interest factors weigh in favor of transfer to the District of Maryland.

**1.     No deference is afforded to the Plaintiff's choice of forum**

-11-

While a Court would typically afford some deference to a plaintiff's choice of forum, that is not the case where, as here, the forum is not the plaintiff's home forum. *See, e.g., AMTRAK.*, 2007 U.S. Dist. LEXIS 51982, at *17-18. Moreover, the plaintiff's choice is not given deference where, as here, there is an insubstantial factual nexus with the forum. *AMTRAK.*, 2007 U.S. Dist. LEXIS 51982 at *17-18. In this case, as shown above, the Plaintiff's claims have no relation to the District of Columbia. The Plaintiff sued Defendant based on an insurance policy that was delivered to the Plaintiff in Maryland. The material events that constitute the factual predicate for the Plaintiff's claims against Defendant occurred in Maryland, where the underlying claim was made against Plaintiff by ORT; from where the Plaintiff requested coverage under a Policy issued to a Maryland insured; from where the Plaintiff communicated with Defendant requesting and regarding coverage; and to where Defendant directed its communications regarding coverage. Because Plaintiff's claims against Defendant have no relation to the District of Columbia, the Plaintiff's choice of forum should be afforded no weight.

### 2. The defendant's choice of forum favors Maryland

The second factor, the defendant's choice of forum, also favors transfer to Maryland. Defendant requests that this Court transfer this case to the District of Maryland.

### 3. Whether the claim arose elsewhere

This factor also weighs in favor of transfer to Maryland. Plaintiff sued Defendant based on an insurance policy that was issued to a Maryland insured, delivered to the Plaintiff in Maryland, for a claim that was made against the Plaintiff in Maryland, alleging the Plaintiff violated Maryland statutes and law. Plaintiff's insurance coverage claim arose in Maryland, not the District of Columbia.

### 4. The convenience of the parties, the convenience of the witnesses, and ease of access to sources of proof

These factors also weigh in favor of transfer to Maryland.

Maryland is a convenient forum for the Plaintiff since its headquarters – the offices from which the Plaintiff communicated with Defendant – is located in Maryland, and thus Maryland is the most convenient forum for the witnesses and access to sources of proof. In addition, the Plaintiff's insurance agent, who is not a party to this lawsuit, is located in Maryland, rendering Maryland the most convenient forum for that witness and its sources of proof. To the extent the Plaintiff argues that the District of Columbia is more convenient because its counsel is located in that district, the location of counsel carries little, if any, weight in an analysis under §1404(a). *See, e.g., Armco Steel Co. v. CSX Corp.,* 790 F. Supp. 311, 324 (D.D.C. 1991). And Defendant prefers Maryland, as evidenced by this motion.

### C.        This lawsuit should be transferred to the District of Maryland

This action could have – and should have – been filed in Maryland. Each of the public and private interest considerations weigh in favor of transfer to the District of Maryland. If this court does not dismiss this lawsuit pursuant Rule 12(b)(3) for improper venue, Defendant respectfully requests that it transfer this lawsuit to the District of Maryland pursuant to 28 U.S.C. §1404(a).

## III.    The Court should dismiss Count III because (1) the claim is not ripe; and (2) it fails to state a claim

### A.        Count III should be dismissed pursuant Rule 12(b)(1)

A motion to dismiss on the ground that a claim is not ripe is governed by Fed. R. Civ. P. 12(b)(1) because the question of ripeness goes to the Court's subject-matter jurisdiction. *Exxon Mobil Corp. v. FERC*, 501 F.3d 204, 207 (D.C. Cir. 2007). The plaintiff has the burden of proving ripeness, and plaintiff's allegations are not entitled to presumptive truthfulness. *See Renne v. Geary*, 501 U.S. 312, 316 (1991).

-13-

A claim is ripe "when it presents a concrete legal dispute [and] no further factual development is essential to clarify the issues, … [and] there is no doubt whatever that [the issue] has crystallized sufficiently for purposes of judicial review." *Pub. Citizen v. Dep't of State*, 276 F.3d 634, 641 (D.C. Cir. 2002) (citation omitted). A claim is not ripe, however, "if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (citations omitted).

Count III purports to be a cause of action under the All Writs Act. But Count III seeks no relief under the All Writs Act. Instead, it alleges that Plaintiff "*may* from time to time seek" "all orders, whether permanent, temporary or injunctive, necessary or appropriate in aid of this Court's jurisdiction." (Cmplt. ¶71 (emphasis added)). Count III alleges no claim for relief under the All Writs Act, but rather states that some identified relief may be sought in the future for an unidentified reason.

Count III rests on unidentified contingent future events that may not occur. Count III does not allege the existence of a concrete legal dispute that has crystallized sufficiently for purposes of judicial review. Count III, accordingly, is not ripe and should be dismissed since the court lacks jurisdiction to adjudicate it.

## B.     Count III should be also dismissed pursuant to Rule 12(b)(6)

The All Writs Act authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. §1651. Such writs are incredibly rare, and "a court may not issue an injunction under the All Writs Act if adequate remedies at law are available." *Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1132 (11th Cir. 2005). *See also Carlisle* v. *United States,* 517 U.S. 416, 429 (1996) ("'The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by

statute'" (citation omitted)). See also 19 *Moore's Federal Practice* § 201.40 ("[A] writ may not be used . . . when another method of review will suffice").

Here, the Plaintiff is asserting claims for breach of contract (Count I) and a declaratory judgment (Count II). Relief under the All Writs Act is consequently not permissible given the adequate remedies at law and statutory relief that are sought and available. Count III, accordingly, should be dismissed.

In addition, Count III of the Complaint should be dismissed pursuant to Rule 12(b)(6) because it alleges no facts supporting a claim for relief under the All Writs Act, 28 U.S.C. §1651. It does not identify the specific remedy sought under the All Writs Act, the basis for judicial action, and does not allege facts satisfying the elements necessary for any relief under the All Writs Act. In fact, Paragraph 71 acknowledges that no relief is currently sought under the All Writs Act, stating that the Plaintiff *may* seek unspecified relief for an unspecified reason. Count III, accordingly, should be dismissed. *See*, *Henley v. Jordan*, No. 5:20-cv-P209-BJB, 2021 U.S. Dist. LEXIS 105326 (W.D. Ky. June 4, 2021) (dismissing claim under All Writs Act for failure to state remedy sought, the basis for judicial action, and the elements necessary for the relief sought).

## Conclusion

For these reasons, Defendant respectfully requests that this Court:

(1)     Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(3) or, in the alternative, transfer this action to the Maryland District Court pursuant to 28 U.S.C. §1404(a); and

(2)     Dismiss Count III of the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) or 12(b)(6).

Dated:    February 10, 2023                          Respectfully submitted,

                                                     */s/ Leslie Paul Machado*
                                                     Leslie Paul Machado (Bar No. 472395)
                                                     O'Hagan Meyer PLLC
                                                     2560 Huntington Avenue, Suite 204
                                                     Alexandria, Virginia 22303
                                                     (703) 775-8607 (phone)
                                                     (804) 403-7110 (facsimile)
                                                     lmachado@ohaganmeyer.com

                                                     Nancy K. Tordai (Ill. Bar No. 6182953)
                                                     (*pro hac vice* motion coming)
                                                     Peters & Nye LLP
                                                     14 Executive Court, Suite 2
                                                     South Barrington, Illinois 60010
                                                     (847) 423-0353
                                                     nancytordai@petersnye.com

                                                     **Counsel for The Cincinnati Insurance Company,
                                                     Inc.**

**Local Rule 7(f) request for hearing**

Pursuant to Local Rule 7(f), Defendant respectfully requests the Court hold an oral hearing on this motion.

*/s/ Leslie Paul Machado*
Leslie Paul Machado

**Local Rule 7(m) certification**

Pursuant to Local Rule 7(m), on February 8, 2023, Defendant sent an email to counsel for Plaintiff regarding this motion, in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement. That discussion did not result in any agreement, necessitating this motion.

*/s/ Leslie Paul Machado*
Leslie Paul Machado

**Certificate of Service**

I hereby certify that, on the 10th day of February 2023, I filed the foregoing with the Court using the CM/ECF system, which will electronically serve all counsel of record who have entered an appearance in this case.

/s/ Leslie Paul Machado
Leslie Paul Machado